JERALYN KAY SPRADLIN SBN 121850
DAYMON FERGUSON SBN 207053
Law Offices of Spradlin & Ferguson
500 E. Calaveras Blvd., Ste 203
Milpitas, CA 95035
Telephone: (408)262-0136
Facsimile: (408)262-3402

Attorney for Stacey Vierra

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

Case No. 09-50398

In Re the Matter of:

Herman Michael Covarrubias and
Esperanza Isabel Valverde
    Debtors

Chapter 7

Adv. Case No.

Stacey Vierra,
    Plaintiff

V.

Herman Covarrubias; Esperanza Valverde
    Defendants

**Complaint to Determine Dischargability Of Debt for Willful and Malicious Injury and Fraud Pursuant to 11 USC 523 (4)(6)(11)**

COMES NOW PLAINTIFF, STACEY VIERRA, WHO COMPLAINS AND ALLEGES OF DEFENDANTS Herman Covarrubias and Esperanza Valverde, hereinafter referred to as Defendants, as follows:

## GENERAL ALLEGATIONS

1. This complaint initiates an adversary proceeding as contemplated in Bankruptcy Rule 7001.

2. <u>Jurisdiction and Venue</u>---- This Court has jurisdiction over this adversary proceeding pursuant to 28 USC 157 and 1334 and 11 USC 523. Venue is proper pursuant to 28 USC 1409 by

---

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

1

virtue of the Chapter 7 proceeding presently pending before the United States Bankruptcy Court for the Norther District of California, San Jose Division, entitled In Re Herman Michael Covarrubias and Esperanza Isabel Valverde Case Number 09-50398.

3. This is a core proceeding pursuant to 28 USC 157(b)(2)(I).

4. Plaintiff, Stacey Vierra is a creditor of the Defendant and therefore has standing to bring this action on behalf of herself pursuant to Federal Rules of Bankruptcy 4007(a). The Defendants are the Debtors in the within Chapter 7 Bankruptcy case.

5. At the time of the actions by Defendants, Plaintiff's real property located at 1788 Camargo Drive, San Jose, California was mortgaged through Ocwen Federal (Hereinafter "the original mortgage".) The original mortgage was a 30-year adjustable rate residential mortgage loan of $450,000.00 with an annual percentage rate (APR) of 5.5%. The monthly payments on the original loan were approximately $2,791 per month.

6. In Early November, 2003 Plaintiff was contacted by a telemarketer. Plaintiff is informed and believes and thereon alleges that the telemarketer was the agent and employee of Defendants Covarrubias and Valverde. The agent telemarketer offered to broker a refinancing of Plaintiff's single-family residential dwelling for a total cost of $3,000.00. Plaintiff advised the agent that she was not interested in the offer at that time, but that she would discuss the matter with her husband. Over the next several weeks Plaintiff received approximately 12 to 15 telephone calls by the agent of the Defendants COVARRUBIAS and VALVERDE who repeatedly imposed upon Plaintiff to discuss the refinancing idea with her husband and do business with them. During these phone calls, Plaintiff was assured that the total cost of the refinance to her would be $3,000.00; no other amount was ever quoted at any time.

7. One of the services promised to be performed by Defendants Covarrubias and Valverde in association with the refinancing was a payoff of Plaintiff's then-current debt to Discover Financial Services, which was to have been paid from the proceeds of the refinancing. Defendants promised to pay the Discover debt, an amount which exceeded $10,000, at the close of escrow separately from her

Vierra v. Covarrubis et. al.
**Complaint for nondischargability**

CASE NO. 09-50398

1  $3,000.00 total costs. In addition, Plaintiff was assured that there would not be a prepayment penalty
2  for the early payoff of the original loan.
3  8.     On December 4, 2003 Plaintiff met with Defendants Covarrubias and Valverde at their office
4  at 194 South Hillview Drive, Milpitas, California, where Plaintiff was instructed to sign the deed of
5  Trust and other documents related to the transaction. At that time Plaintiff questioned the charges as
6  set forth on the Borrower's Estimated Settlement Statement and on the HUD1A Sentiment Statement.
7  Specifically, the Estimated Sentiment Statement reflected a Loan Origination Fee of $19,855.00
8  payable to Defendant's alter ego, Summit Mortgage, a figure considerably higher than the $3,000.00
9  total promised to Plaintiff by Defendants.
10 9.     In response to Plaintiff's hesitation at signing the loan documents which contained
11 information different than that which she had been theretofore led to believe, Defendants exerted
12 intense pressure upon Plaintiff by repeatedly urging her to sign the documents and explaining the
13 difference in the disbursements figures in rapid-fire, industry-specific vernacular which meant little to
14 nothing to Plaintiff. Among the points used by Defendants to induce Plaintiff to sign the documents
15 was a promise made by Defendants that they would re-write the loan in one year without cost
16 provided Plaintiff made all the monthly payments in full and on time. In reality, the claim to re-write
17 the loan in one year would have subjected Plaintiff to another prepayment penalty, thus costing her
18 even more money. In addition, Defendants, as brokers, could not rewrite the loan at all but could only
19 broker a refinancing of a loan.
20 10.    In addition to the above representations, Defendants COVARRUBIAS and VALVERDE
21 promised to return sufficient cash to Plaintiff to pay the closing costs. Plaintiff received no cash at any
22 time as proceeds of this loan.
23 11.    In addition, Plaintiff was assured by Defendants VALVERDE and COVARRUBIAS that
24 there was no prepayment penalty associated with her existing loan which would be triggered by the
25 transaction. As it turned out, there was a prepayment penalty of $12,273.43 paid through the loan
26 proceeds.

Vierra v. Covarrubis et. al.
**Complaint for nondischargability**

CASE NO.09-50398

3
Case: 09-05089    Doc# 1    Filed: 03/27/09    Entered: 03/27/09 12:53:31    Page 3 of 12

12. Upon the execution of documents to consummate the new loan, Defendants, COVARRUBIAS and VALVERDE refused to leave copies of any of the documents with Plaintiff, despite Plaintiff's demands that copies of the documents be provided to her thereby preventing Plaintiff from obtaining an opinion of said documents until the loan was finished.

13. Defendants COVARRUBIAS and VALVERDE knew or should have known that they had a legal duty to provide Plaintiff with exact copies of all the documents she was required to sign. Instead, they told Plaintiff that there were no extra copies of the documents, but that she would receive her copies in the mail within a few days.

14. Plaintiff is informed and believes and thereon alleges that these representations by Defendants COVARRUBIAS and VALVERDE were made with the intent to deprive Plaintiff of any access to the information contained therein.

15. Upon the signing of the Estimated Statement and the HUD1A on December 4, 2003 as alleged above, Plaintiff was convinced by Defendants COVARRUBIAS and VALVERDE to state the date of signing as December 2, 2003 although the date was actually December 4, 2003. Again, Plaintiff was convinced by Defendants, COVARRUBIAS and VALVERDE that it was appropriate and legal to back-date the documents.

16. Defendants COVARRUBIAS and VALVERDE specifically stated to Plaintiff that it was necessary to back-date the documents for the loan to fund and that this was the normal way such things were done.

17. As part of the transaction Plaintiff was required to acknowledge receipt of the Argent Mortgage Company Notice of Right to Cancel. While preparing the document for signing, Defendant VALVERDE wrote the date of "December 02, 2003" on the Notice of Right to Cancel as the Document Signing Date, and "December 06, 2003" as the Final Date to Cancel. As with the Estimated Statement and the HUD1A, Plaintiff was convinced by Defendants, COVARRUBIAS and VALVERDE that it was lawful and necessary to state the date as December 2, 2003 when in actuality the date was December 4, 2003.

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

4

Case: 09-05089    Doc# 1    Filed: 03/27/09    Entered: 03/27/09 12:53:31    Page 4 of 12

18. Defendant VALVERDE'S act of placing false dates on the Notice of Right to Cancel effectively eliminated Plaintiff's right to cancel the transaction within three days of signing the document because the three days expired in the middle of the night just a few hours after Plaintiff signed it.

19. In accordance with state and federal law Defendants, COVARRUBIAS and VALVERDE owed Plaintiff a duty to provide Plaintiff with a copy of the HUD1A Settlement Statement, the Argent Mortgage Company Instructions to Title, the Argent Mortgage Company Closing Instructions, the Argent Mortgage Company Summary of Debts and Disbursements, and the Argent Mortgage Company Notice of Right to Cancel. After the conclusion of the transaction Plaintiff requested that Defendants, COVARRUBIAS and VALVERDE provide her with a copy of all of the documents which she had signed, as well as all other documents to which she was entitled at that time. Defendants, COVARRUBIAS and VALVERDE told her that they did not have an extra copy of them there but that they would ensure that they would be provided to Plaintiff forthwith.

20. Over the period of time between December 4, 2003 and December 17, 2003 Plaintiff contacted Defendants COVARRUBIAS, VALVERDE numerous times and requested that she be provided with copies of the documents she had signed on December 4, 2003. Each time Plaintiff did so she was told that no copy was available yet but she would be provided with a copy as soon as possible.

21. The Settlement Date for the above transaction was December 12, 2003. The final loan details were substantially the same as the original mortgage: a 30-year adjustable rate residential mortgage loan of $450,000.00 with an APR of 5.5%. The monthly payments on the new loan were substantially similar. There was no appreciable benefit to Plaintiff for having entered into the transaction, but Defendants, COVARRUBIAS and VALVERDE realized a handsome profit all at Plaintiff's expense and to Plaintiff's detriment.

22. On or about December 17, 2003 Plaintiff received via U.S. Mail a copy of the Borrower's Estimated Settlement Statement, the HUD1A Settlement Statement, the Argent Mortgage Company

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

5

Case: 09-05089    Doc# 1    Filed: 03/27/09    Entered: 03/27/09 12:53:31    Page 5 of 12

Closing Instructions, and the Notice of Right to Cancel, all of which she had signed on December 4, 2003. Plaintiff also received the Argent Mortgage Company Instructions to Title; and the Argent Mortgage Company Summary of Debts and Disbursements. This represented the first time Plaintiff received any of these documents since they were signed on December 4, 2004.

23. Upon receipt of the documents set forth in paragraph 30 Plaintiff noted that, in breach of the agreement to pay the disbursements as set forth on the Borrower's Estimated Settlement Statement, the $10,127.00 payable to Discover Financial Services had not in fact been made. In addition, the total closing costs to Plaintiff were $30,519.75, over ten times the cost promised to her by Defendants COVARRUBIAS and VALVERDE. Plaintiff received the documents on December 17, 2003, five days after the close of escrow.

24. On or about November or December 23, 2008, Defendants, COVARRUBIAS and VALVERDE were found guilty in the Santa Clara County Criminal Court of 37 and 38 counts, respectively of defrauding clients. Plaintiffs were named victims in that matter.

## FIRST CAUSE OF ACTION

## FRAUD / DECEIT / INTENTIONAL MISREPRESENTATION OF FACT

25. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 24, inclusive, as though fully set forth hereunder.

26. Defendants' COVARRUBIAS, and VALVERDE contacted Plaintiff and represented to Plaintiff that they could refinance Plaintiff's then- current mortgage loan for a total cost of $3,000 to Plaintiff. Defendants COVARRUBIAS and VALVERDE knew or should have known that a refinancing would cost Plaintiff more than $3,000, but, Plaintiff is informed and believes and thereon alleges, made those representations anyway with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on those representations to enter into a transaction which Defendants COVARRUBIAS and VALVERDE knew would not provide any more benefit to Plaintiff than which

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

6

Case: 09-05089    Doc# 1    Filed: 03/27/09    Entered: 03/27/09 12:53:31    Page 6 of 12

she already realized with her existing loan. Defendants, however, stood to make a substantial sum from the churning of the loan.

27. At the time Plaintiff consummated the transaction by signing the various loan documents on December 4, 2003 Plaintiff was ignorant of the falsity of Defendants COVARRUBIAS and VALVERDE'S representations and believed them to be true. In reliance on these representations Plaintiff was induced to and did enter into the transaction to refinance her mortgage with Ocwen Federal in favor of a loan with no appreciable benefit to Plaintiff. Had Plaintiff known the falsity of these representations she would not have entered into the transaction.

28. The aforementioned conduct of defendants was an intentional misrepresentation, deceit, or concealment of material facts known to the defendants with the intention on the part of Defendants COVARRUBIAS and VALVERDE thereby depriving Plaintiff or property or legal rights or otherwise causing injury, and was predatory, despicable conduct which subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's welfare.

29. As a proximate result of the fraudulent conduct of defendants as herein alleged Plaintiff was damaged in an amount to be determined according to proof at trial and is entitled to recompense by Defendants.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT/BREACH OF FIDUCIARY DUTY/NEGLIGENCE

30. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 29, inclusive, as though fully set forth hereunder.

34. As professionals Defendants, COVARRUBIAS and VALVERDE, owed to Plaintiff a legal duty to comply with all state and federal statutory and regulatory requirements related to the transaction. In addition, Defendants, COVARRUBIAS and VALVERDE owed Plaintiff a fiduciary duty to Plaintiff to provide honest and straightforward brokerage and notary services and to avoid committing Plaintiff to a transaction which did not benefit Plaintiff. Defendants COVARRUBIAS and VALVERDE breached those duties by deliberately misinforming Plaintiff and arranging for a loan which was not in the beneficial interest of Plaintiff but was in fact to her detriment and to the

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

benefit and profit of only Defendants COVARRUBIAS and VALVERDE.

35. As the proximate result of Defendants, COVARRUBIAS and VALVERDE breached these duties owed to Plaintiff as alleged herein, Plaintiff has been damaged in an amount to be determined according to proof at trial.

36. On December 4, 2005 Plaintiff and Defendants COVARRUBIAS and VALVERDE entered into an oral agreement whereby Discover Financial Services would be paid the sum of $10,127.00 upon the closing of escrow. This agreement is reflected in the Borrower's Estimated Settlement Statement. Payment to Discover Card was one purpose for the refinancing.

37. At the closing of escrow, the $10,127.00 as not paid to Discover Financial Services as agreed by the parties.

38. Plaintiff relied on the representations to which she had agreed as alleged above with the expectation that such agreement would be performed by Defendants.

39. Defendants owed Plaintiff a duty to abide by the terms of the agreement to disburse $10,127.00 to Discover Financial Services and they breached that duty by their failure to make the disbursement to Discover Financial Services part of the escrow transaction.

40. As a proximate result of Defendants' failure to make the $10,127.00 disbursement to Discover Financial Services Plaintiff has suffered damages in the amount to be determined according to proof at trial.

### THIRD CAUSE OF ACTION

### FRAUD/FALSE ACKNOWLEDGMENT BY NOTARY

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 40, inclusive, as though fully set forth hereunder

42. On December 4, 2003 Defendant VALVERDE, acting in her official capacity as a duly commissioned notary public and also as an agent of Defendant COVARRUBIAS and SUMMIT, executed a Certificate of Acknowledgment, authenticated with her official seal, affixed to a Deed of

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

8

Case: 09-05089    Doc# 1    Filed: 03/27/09    Entered: 03/27/09 12:53:31    Page 8 of 12

Trust, certifying that, "On December 02, 2003 before me, E. Valverde[,] personally appeared Stacey A. Vierra [sic] personally known to me (or proven to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/there signature(s) on the instrument the person(s) or the entity on behalf of which the person(s) acted, executed the instrument[.]" That Deed of Trust is attached hereto as Exhibit "J" and incorporated herein by reference. The Deed of Trust was thereby purportedly signed by Plaintiff on December 2, 2003 but the signature date was actually December 4, 2003. The notarial acknowledgment was therefore fraudulent, and was done with the deliberate and specific intent to defraud Plaintiff of her property as alleged herein.

43. On December 4, 2003 Defendant VALVERDE, acting in her official capacity as a duly commissioned notary public and also as an agent of Defendant COVARRUBIAS and SUMMIT, executed a Certificate of Acknowledgment, authenticated with her official seal, affixed to An Interspousal Transfer Grant Deed, certifying that, "On December 02, 2003 before me, E. Valverde[,] personally appeared Stacey A. Vierra [sic] personally known to me (or proven to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/there signature(s) on the instrument the person(s) or the entity on behalf of which the person(s) acted, executed the instrument[.]" That Interspousal Transfer Grant Deed is attached hereto as Exhibit "I" and incorporated herein by reference. The Deed of Trust was thereby purportedly signed by Plaintiff on December 2, 2003 but the date of execution was actually December 4, 2003.

44. Defendant VALVERDE, acting in her official capacity as a duly commissioned notary public and also as an agent of Defendant COVARRUBIAS backdating these documents as well as the Plaintiff's right to cancel deprived Plaintiff of the right to cancel.

45. Plaintiff is informed and believes and thereon alleges that Defendant VALVERDE, acting in her official capacity as a duly commissioned notary public and also as an agent of Defendant

COVARRUBIAS had a financial interest in the closing of Plaintiff's loan and was acting in concert with Defendants COVARRUBIAS to conceal the true facts regarding and to prevent Plaintiff from cancelling the loan. Specifically, Plaintiff is informed and believes and thereon alleges that Defendant VALVERDE acting in concert with Defendants COVARRUBIAS sought to conceal from Plaintiff the cost of the loan, the profit to Defendants and the fact that Plaintiff would receive no benefit from the loan, in that the Discover Financial Services payment would not be made.

46. The aforementioned conduct of the Defendants was a conspiratorial, intentional misrepresentation, deceit, and concealment of material facts known to Defendants and was violative of the California Notary Act. Said action was done with the intention on the part of Defendants to prevent Plaintiff from having adequate time to cancel the transaction, and was predatory, despicable conduct which subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights and welfare.

47. As a proximate result of Defendant VALVERDE's (Defendant VALVERDE, action in her official capacity as a duly commissioned notary public and also as an agent of Defendants COVARRUBIAS actions as described herein, Plaintiff has suffered damages in an amount to be determined according to proof at trial.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE / FAILURE TO DISCLOSE UNDER RESPA AND T.I.L.A.

48. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 49, inclusive, as though fully set forth hereunder.

49. Pursuant to the provisions of Regulation Z §226.17, subdivisions (a)(1) and (d), (12 U.S.C. §2603(a)) Defendants COVARRUBIAS ans VALVERDE were required to provide Plaintiff of copies of all of the disclosures set forth in Regulation Z §226.18, in a form which Plaintiff could keep, after the final signing of the transaction documentation as set forth in paragraphs 21 and 22 herein. Defendants failed to provide such copies to Plaintiff in violation of the Real Estate Settlement Procedures Act and the Truth in Lending Act. Defendants' failure to so provide Plaintiff with the

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

1 documents as alleged herein constitutes a failure to disclose pursuant to those authorities. Despite
2 Plaintiff's best efforts, Defendants COVARRUBIAS and VALVERDE failed and refused to provide
3 Plaintiff with copies of those disclosures until five days after the close of escrow, in violation of the
4 RESPA and TILA acts and in violation of California *Business and Professions Code*, Section 10240.

50. At the time of signing Plaintiff was ignorant of the requirement that Defendants COVARRUBIAS and VALVERDE provide her with a copy of the disclosures at the time of signing, and Defendants took advantage of Plaintiff's ignorance by claiming that they did not have copies at that time.

51. Had Plaintiff known that her rights and the law were being violated by Defendants' failure to provide her with copies of the required disclosures Plaintiff would not have allowed Defendants to leave her home without leaving either the originals or copies thereof.

52. As a proximate result of Defendants' failure to provide Plaintiff with copies of the required disclosures as alleged herein Plaintiff has suffered the loss of her right to cancel the transaction, as well as other damages in an amount to be determined according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. Said actions complained of by Plaintiffs in the above causes of action were intentional, malicious, slanderous and deceitful and were done with the conscious disregard of the Plaintiff's rights and welfare so as to justify an award of exemplary and punitive dames according to proof.

2. For the Court to determine that the unliquidated debt owed to Plaintiff be held "non-dischargable" pursuant to 11 USC 523 (4), 11 USC 523 (6) and 11 USC (11);

3. For Plaintiff to have judgment against the Defendants in a sum which shall be shown according to proof;

///
/////
///////

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

4. For exemplary and punitive damages, according to proof.

5. For costs of suit incurred by this complaint and for such other and further relief as this court may deem proper.

DATED: 3\20\09

Respectfully Submitted,

Jeralyn K. Spradlin
Attorney for Plaintiff STACEY VIERRA

///

6.

Vierra v. Covarrubis et. al.
Complaint for nondischargability

CASE NO. 09-50398

12

Case: 09-05089   Doc# 1   Filed: 03/27/09   Entered: 03/27/09 12:53:31   Page 12 of 12